**This order is SIGNED.**

**Dated: February 6, 2020**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*msc*

*Prepared by:*
Joseph M.R. Covey (7492)
Rita M. Cornish (11293)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: 801-532-7840
Email: jcovey@parrbrown.com
       rcornish@parrbrown.com
*Attorneys for Salt Lake Cable & Harness, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TIMOTHY EUGENE BRAY,<br><br>Debtor. | Bankr. No. 18-20630<br>Chapter 7<br><br>Adversary Proceeding No. 19-02066<br><br>Hon. Joel T. Marker |
| SALT LAKE CABLE & HARNESS, INC.,<br>a Utah corporation<br><br>Plaintiff,<br>v.<br><br>TIMOTHY EUGENE BRAY,<br><br>Defendant. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

4844-3707-7428

This matter came before the Court on *Salt Lake Cable & Harness, Inc.'s Motion for Entry of Default Judgment* (Dkt. 9) and the *Declaration of Loren East in Support of Motion for Entry of Default Judgment* (Dkt. 10), both filed by Plaintiff Salt Lake Cable & Harness, Inc. ("SLCable") in the above-referenced adversary proceeding (the "Case").

Based upon the evidence received and other matters of record, having inquired into the legal sufficiency of the evidence, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

1. In November 2007, SLCable filed a civil action against Bray and others in the Third Judicial District Court; the case is entitled *Salt Lake Cable & Harness, Inc. v. Timothy Eugene Bray*, No. 070916393 (the "Civil Suit").

2. In the Civil Suit, SLCable alleged that Bray embezzled more than $1.7 million (the "Stolen Funds") from SLCable while he was employed as SLCable's controller.

3. Among other claims, SLCable asserted the Bray's embezzlement of the Stolen Funds breached the fiduciary duties he owed to SLCable.

4. On November 30, 2010, Judge Paul G. Maughan of the Third Judicial District Court of Utah for Salt Lake County entered summary judgment against Bray in the amount of $1,962,581.14, together with pre- and post-judgment interest.

5. In so doing, Judge Maughan expressly found that it was undisputed "that Mr. Bray breached his fiduciary duty of loyalty to Salt Lake Cable by sealing the Stolen Funds from Salt Lake Cable during the period of time between July 2004 and September 2007."

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. Pro. 7052.

6. Final judgment was entered against Bray and in favor of SLCable on March 9, 2011.

7. The judgment against Bray and in favor of SLCable was renewed on June 28, 2019. As set forth in the *Order Renewing Judgment*, the total amount owed by Bray, including pre-judgment interest, post-judgment interest, and the fee to file the motion to renew judgment, less payments made, totals $2,450,698.06.

8. In addition to the Civil Suit, Bray's actions gave rise to criminal prosecution in the Second Judicial District Court of Utah for Davis County, in the case *The State of Utah v. Timothy Eugene Bray*, No. 081701012 (the "Criminal Proceeding").

9. As part of the Criminal Proceeding, Bray pleaded guilty to two counts of Communications Fraud.

10. On January 31, 2019, Bray filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court on January 31, 2018, in an action titled *In re Bray*, Bankr. No. 18-20630 (the "Bankruptcy").

11. Bray filed his *Statement of Financial Affairs* on January 31, 2018 ("First Statement").

12. Bray filed an amended *Statement of Financial Affairs* on February 26, 2018 ("Second Statement").

13. SLCable was not listed among Bray's creditors in either of his First or Second Statement and, as a consequence, did not receive a notice of bankruptcy case for Bray's bankruptcy filing.

14. A meeting of creditors was held on February 27, 2018.

15. The deadline to file object to discharge or to challenge whether certain debts are dischargeable was April 30, 2018.

16. SLCable did not have actual knowledge of Bray's bankruptcy case in time to file a proof of claim or challenge dischargeability before the deadlines to do so ran.

17. Bray was granted a discharge under 11 U.S.C. § 727 on May 2, 2018.

18. On April 30, 2019, SLCable moved to re-open Bray's bankruptcy case.

19. The Court granted the SLCable's motion on May 21, 2019.

20. SLCable initiated this adversary proceeding on July 5, 2019.

21. Bray's default for failure to plead or otherwise defend was entered on November 20, 2019.

22. SLCable is entitled to default judgment adjudging that the debt owed by Bray to SLCable as a result of the Civil Judgment is not dischargeable for the following three reasons.

23. First, Section 523(a)(2)(A) of the Bankruptcy Code provides that debts for money are not dischargeable to the extent they were obtained by false pretenses, a false representation, or actual fraud. *See* 11 U.S.C. § 523(a)(2)(A). Pursuant to the Civil Judgment, Bray owes SLCable a debt of $2,450,698.06, together with interest. Bray obtained this debt as a result of false pretenses, false representations, or actual fraud. Because Bray's debt to SLCable obtained as a result of false pretenses, false representations, or actual fraud, SLCable is entitled to a judgment determining that the Civil Judgment debt is nondischargeable.

24. Second, Section 523(a)(3) of the Bankruptcy Code provides that debts neither listed nor scheduled under Section 521(a)(1) with the name of the creditor to whom such debt is owed are not dischargeable unless the creditor had notice or actual knowledge of the case in time

to timely file a proof of claim and/or a request for nondischargeability. At the time Bray filed for bankruptcy, he knew that he owed a debt—the Civil Judgment—to SLCable. Despite knowing about the Civil Judgment, Bray neither listed nor scheduled SLCable as a creditor or the Civil Judgment as a debt in the bankruptcy proceeding. SLCable did not receive notice or have actual knowledge of the bankruptcy proceeding in time to timely file a proof of claim or a request for nondischargeability. Because Bray failed to list or schedule his debt to SLCable and because SLCable did not receive notice or have actual knowledge of the bankruptcy case in time to timely file a proof of claim and/or request for nondischargeability, SLCable is entitled to a judgment determining that the Civil Judgment debt is nondischargeable.

25. Third, Section 523(a)(4) of the Bankruptcy Code provides that debts for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny are not dischargeable. Bray owes SLCable a debt of $2,450,698.06, together with interest—the Civil Judgment. The Civil Judgment is a debt owed by Bray to SLCable for fraud or defalcation while acting in a fiduciary capacity. Because Bray's debt to SLCable was for fraud or defalcation while acting in a fiduciary capacity, SLCable is entitled to a judgment determining that the Civil Judgment is nondischargeable.

26. Based on the foregoing, the Motion is well taken, and shall be granted without further notice or opportunity for hearing.

27. SLCable is entitled to default judgment against Bray decreeing that the Civil Judgment owed by Bray to SLCable is nondischargeable.

-------------------------------------------------END OF DOCUMENT-----------------------------------------

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT** shall be served to the parties in the manner designed below:

**By Electronic Service:** I certify that the parties of record in this case, as identified below, are registered CM/ECF users:

*None.*

**By U.S. Mail:** The following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

Timothy Eugene Bray
9448 S. Electra Street
Sandy, UT 84094

Jesse P. Murff
Murff Law Offices
11075 South State Street, Suite 5B
Sandy, Utah 84070

/s/ Rita M. Cornish

## COMMITTEE NOTE (2017)

This form identifies parties entitled to receive notice of the entry of an order pursuant to Fed. R. Bankr. P. 9022(a). Because of the significant mailing costs incurred by the Court, notice by mail should be limited to contesting parties and entities required to receive notice pursuant to the Bankruptcy Code, the Bankruptcy Rules, or these Local Rules.

4844-3707-7428